ALEXANDER CAMPBELL v. B. M. MORRISON et al.

*Action to Recover Land—Trial—Evidence—Instructions.*

1. Where, in the trial of an action to recover land, the plaintiff
   introduced as a part of his chain of title a grant from the
   State containing certain calls, differing in some respects from
   a deed under which he claimed title and which covered the
   *locus in quo*, he is not precluded from introducing the latter
   deed by reason of such variations in the calls.

2. Where, in the trial of an action to recover land, the plaintiff
   introduced a deed covering the *locus in quo* the calls of
   which deed differed from those of a grant previously intro-
   duced which did not cover the land in controversy, and
   defendant's evidence tended to show that plaintiff's deed
   originally corresponded with the grant and also to establish
   adverse possession by the defendant, it was error to charge
   that, if a certain point on the plat exhibited in evidence was
   the corner of plaintiff's grant, the plaintiff had located his
   grant, for such charge did not take into account the location
   of the grant and deeds, the question as to the alleged altera-
   tion of the calls in the deed, the location of defendant's deed
   and the question of defendant's actual possession of the
   *locus in quo.*

ACTION for the recovery of land, commenced July 28th,
1890, and tried before *Winston, J.,* and a jury, at August
Term, 1892, of MOORE Superior Court. There was a ver-
dict for the plaintiff, and from the judgment therein
defendant appealed. The facts are stated in the opinion
of Associate Justice FURCHES.

*Mr. W. E. Murchison,* for plaintiff.

*Messrs. Black & Adams, W. C. Douglass, Shaw & Scales,*
for defendants (appellants).

FURCHES, J.: Plaintiff, for the purpose of making out his
title, introduced a copy of a grant from the State to Malcom
Gilchrist, bearing date the 18th of December, 1797, and

then offered a deed from Malcom Gilchrist, to Daniel Campbell, the calls of the deed covering the *locus in quo*, as plaintiff alleged, while it seems the copy of the grant did not. Defendant objected to the introduction of this deed for the reason, as they alleged, that plaintiff had introduced the grant, and was bound by that. The Court overruled this objection and defendants excepted.

We do not see any grounds upon which this exception can be sustained. This is too clear to admit of argument. But the courses and distances in the grant from the State to Malcom Gilchrist taking the point "A" on the map as the proper beginning corner ( and this was admitted by both sides) do not seem to cover the *locus in quo*. While it seems that the calls in the deed from Malcom Gilchrist to Daniel Campbell do, if the survey is correct. But defendants offered evidence tending to show—and which, so far as we can see from the case presented by the record, was uncontradicted—that this deed originally contained the same calls as the grant to Malcom Gilchrist. Defendants also offered a deed from Duncan Buie to Morris Morrison, a deed from Morris Morrison to Allen B. Morrison, dated 15th of July, 1843, and a deed from Allen B. Morrison to defendants for one hundred acres of land, which defendants contend covers the *locus in quo*, and which, according to the survey and plot, does cover the land in dispute. Defendants also offered evidence tending to show that defendants had been in the actual possession of the *locus in quo* ever since 1872 ; and that this action was not commenced until the 28th day of July, 1890. Upon the evidence the Judge charged "That if the point at A on the plat was the beginning corner of the plaintiff's grant, or the copy of the grant and of his deed, then the plaintiff had located his land." To which charge the defendants excepted. We think there was error in this charge, which entitles the defendants to a

BLAIR *v.* BROWN.

new trial. The rest of the Judge's charge is not given, and therefore we can see nothing to correct this error, if there was anything in the charge to correct it. And therefore pass upon it, as it appears from the record, which was sent in answer to a writ of *certiorari* issued from this Court.

It seems to us from this record that there are several questions presented, which should have been submitted to the jury under proper instructions from the Court—such as the location of the grant and deeds, the question as to the alteration of calls in the deed from Gilchrist to Daniel Morrison, the location of defendant's deed, and the question of actual possession of the *locus in quo* by the defendants under their deeds.

There is error and a new trial is ordered.

New Trial.